COPE, Judge
(dissenting).
I respectfully dissent. The appellant was disciplined for failing to adequately document the symptoms of a patient he treated in 1984. The medical records were maintained by the clinic at which appellant worked. The Board of Medicine proceeded against appellant on the basis of a xerox copy of the patient record, the original having been destroyed in Hurricane Andrew.
At the hearing, the appellant testified that the patient record was incomplete because he usually wrote notes on the reverse side of the symptom checklist in order to supplement his findings. There was no xerox copy of the reverse side of the symptom page. The hearing officer acknowledges that “there may have been additional pages to his report which have not been included with the records. Even if this suggestion is true, Respondent was responsible for insuring that adequate medical records were kept regarding his examination and treatment of the Patient.” With all due respect, the appellant testified that he normally kept such records by writing on the reverse side of the pre-printed form. The problem is that the original records were destroyed in Hurricane Andrew. Appellant cannot be blamed for that.
It is true that prior to Hurricane Andrew, the records custodian of the clinic was asked to verify that the xerox copy was a complete copy of the original. The records custodian signed a form to that effect. However, the appellant’s testimony created a material issue on the point. The records custodian evidently could not be located and did not testify at trial. A disciplinary matter requires proof by clear and convincing evidence. Even the hearing officer acknowledged that the records possibly were incomplete, yet the hearing officer went on to impose discipline specifically on the theory that insufficient records were maintained. In my view the finding of guilt is not sup *1049 ported by competent substantial evidence and must be overturned.